[Cite as *State v. Harris*, 2012-Ohio-2460.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-100243 |
| | | C-100273 |
| Plaintiff-Appellee, | : | TRIAL NO. B-0908089 |
| vs. | : | *O P I N I O N.* |
| ERNEST HARRIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  June 6, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Goode Firm* and *Joshua L. Goode*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge**.

{¶1} On December 3, 2009, defendant-appellant Ernest Harris was indicted for failing to register as a sex offender in violation of R.C. 2950.04(E). Following a jury trial, he was found guilty and sentenced to six years' incarceration. Because Harris was indicted, tried, and convicted for violating the registration provisions of Am.Sub.S.B. No. 10 ("Senate Bill 10"), enacted in 2007 by the General Assembly to implement the federal Adam Walsh Child Protection and Safety Act of 2006, while he was unconstitutionally classified as a Tier III sex offender, his conviction must be reversed, and he must be discharged.

### *Facts and Procedure*

{¶2} Harris had been convicted of rape on January 7, 1983, and sentenced to seven to 25 years' incarceration. He served his sentences for rape and other crimes, and was ultimately released from incarceration on August 12, 2009. The correctional-records-management officer of the Toledo Correctional Institution testified that, prior to Harris's release from prison, she had notified him that, pursuant to Senate Bill 10, he was classified as a Tier III sex offender, that he was required to register with the local sheriff every 90 days for life, and that he was required to register with the Hamilton County Sheriff's Department no later than August 17, 2009. The officer further testified that Harris had refused to sign the notice of registration duties. The officer then notified the Hamilton County Sheriff's Department of Harris's duty to register as a sex offender and his refusal to sign the notification form.

{¶3} Adam Breeze, the Hamilton County Sheriff's Department's investigator for the sex-offender program, testified that Harris was a Tier III sex offender, that Harris had a duty to register every 90 days for life, that upon his release from prison

Harris had had a duty to register with the Hamilton County Sheriff's Department, and that Harris had never registered. Harris testified that he had not registered as required because he had never been notified of his duty to register.

{¶4} In instructing the jury, the trial court referred to the registration duties of a Tier III sex offender. The jury found Harris guilty. At the sentencing hearing, the trial court told Harris that he had been found guilty by the jury of a first-degree felony for failing to register "in accordance with the Adam Walsh Act."

{¶5} We affirmed Harris's conviction on direct appeal. *State v. Harris*, 1st Dist. Nos. C-100243 and C-100273 (June 8, 2011). The Ohio Supreme Court accepted Harris's appeal and remanded the case to this court for application of *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

### Analysis

{¶6} In *Williams*, the court held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus. The court concluded that Senate Bill 10's more stringent classification, registration, and community-notification provisions imposed "new or additional burdens, duties, obligations, or liabilities as to a past transaction" and created "new burdens, new duties, new obligations, or new liabilities not existing at the time" upon sex offenders who had committed their crimes prior to Senate Bill 10's enactment. *Id.* at ¶ 19. The court held that Senate Bill 10's classification, registration, and community-notification provisions were punitive and could not constitutionally be retroactively applied to sex offenders who had committed their sex offenses before its enactment.

{¶7}    Because Harris committed his crime in 1983, Senate Bill 10's classification, registration, and community-notification provisions may not be applied to him.  It is clear from the record that Harris was indicted, tried, and convicted for violating Senate Bill 10's registration requirements while he was unconstitutionally classified as a Tier III sex offender.  Therefore, his conviction for failing to register as a sex offender must be reversed, and Harris must be discharged.

{¶8}    We point out that Harris may have a duty, arising by operation of law, to register as a sexually oriented offender under former R.C. Chapter 2950 ("Megan's Law"), Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, enacted in 1996, amended in 2003 by Am.Sub.S.B. No. 5, 150 Ohio Laws, Part IV, because he was convicted of a sexually oriented offense and was serving the term of incarceration for that offense on or after July 1, 1997.  *See State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502; *In re Abney*, 1st Dist. No. C-080053, 2008-Ohio-4379; *State v. Cooper*, 1st Dist. No. C-030921, 2004-Ohio-6428.  But Harris was never notified of any duty to register under Megan's Law, and he was not charged with a Megan's Law violation.

{¶9}    The judgment of the trial court is reversed, and Harris is hereby discharged.

Judgment reversed and appellant discharged.

**SUNDERMANN, P.J.,** and **DINKELACKER, J.**, concur.

Please note:
The court has recorded its own entry this date.