[Cite as *State v. Ogletree*, 2013-Ohio-1538.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96438**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD OGLETREE

DEFENDANT-APPELLANT

### JUDGMENT:
CONVICTIONS AFFIRMED;
SENTENCE REVERSED IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535185

**BEFORE:** Keough, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**ATTORNEY FOR APPELLANT**

Gayl M. Berger
30650 Pinetree Road
Suite 19
Cleveland, Ohio 44124

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
James M. Rice
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** This cause is before us on remand from the Ohio Supreme Court for further review of our decision released November 10, 2011,[1] in light of the Supreme Court's recent decision in *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316. The Supreme Court reversed our judgment in this case, thereby reinstating Ogletree's convictions for failure to provide notice of a change of residence address in violation of R.C. 2950.05(E)(1)[2] and tampering with records in violation of R.C. 2913.42(A). The court remanded the matter to us for further proceedings consistent with its opinion, which includes consideration of Ogletree's second, third, and fourth assignments of error that were previously rendered moot by our decision in *Ogletree* I. For clarity, we consider Ogletree's assignments of error out of order.

**{¶2}** Ogletree was classified as a sexually oriented offender under Megan's Law; subsequently reclassified under the Adam Walsh Act ("AWA") as a Tier III offender, and after the Ohio Supreme Court's decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, restored to his previous status as a sexually oriented

---

[1] *State v. Ogletree*, 8th Dist. No. 96438, 2011-Ohio-5846 (*Ogletree* I).

[2] "[T]he statute was misnumbered in the indictment — it should have read R.C. 2950.05(F)(1)." *Brunning* at ¶ 5. Error in the numerical designation of the statute that the defendant is alleged to have violated is not ground for dismissal of the indictment or for reversal of a conviction if the error did not prejudicially mislead the defendant. Crim.R. 7(B). Ogletree was not prejudiced in his defense; although the indictment listed the misnumbered statute, the text clearly charged that Ogletree "did fail to notify the Cuyahoga County Sheriff of a change of address * * *."

offender under Megan's Law, with corresponding registration requirements. He was subsequently indicted under the AWA for (1) failing to verify his address in violation of R.C. 2950.06(F); (2) failing to notify the sheriff of a change of address in violation of R.C. 2950.05(E)(1) (misnumbered); and (3) tampering with records in violation of R.C. 2913.42(A). The trial court denied Ogletree's motion to dismiss the indictment and, after a bench trial, found him not guilty of the failing-to-verify charge, but guilty of failure to notify of a change in address and tampering with records. The court sentenced him to three years incarceration on the failure-to-notify conviction and one year on the tampering-with-records conviction, to be served concurrently for an aggregate term of three years.

{¶3} In his third assignment of error, Ogletree contends that under *Bodyke* — which held the reclassification provisions of the AWA unconstitutional, severed them from the AWA, and reinstated the classifications and registration orders imposed previously upon sex offenders originally classified under Megan's Law — the provisions of the AWA cannot be enforced against him. Therefore, he contends, the trial court erred in not dismissing the indictment on the failure-to-notify and tampering-with-records charges.

{¶4} But *Brunning* makes clear that *Bodyke* does not require dismissal where the conduct underlying the indictment constitutes a violation under both Megan's Law and the AWA. *Brunning* at ¶ 31. Even where a defendant subject to Megan's Law is indicted under the AWA, if the indictment describes conduct that is also a violation of

Megan's Law, which a defendant originally classified under Megan's Law remains obligated to meet, the indictment is sufficient and a defendant can be convicted of the charges. *Id*.

{¶5} Here, although Ogletree was indicted for conduct that violated the AWA version of R.C. 2950.05 (failure to notify of a change in address), the conduct described in the indictment also constituted a violation under the Megan's Law version of R.C. 2950.05, which Ogletree was bound to follow. *Brunning* at ¶ 24. Accordingly, the indictment properly charged an offense against Ogletree, and therefore, the trial court did not err in denying Ogletree's motion to dismiss this count.

{¶6} With respect to the tampering-with-records charge, R.C. 2913.42 provides that "[n]o person * * * with purpose to defraud * * * shall (1) falsify * * * any writing * * * or record; (2) utter any writing or record, knowing it to have been tampered with as provided in division (A)(1) of this section." Thus, the issue is whether Ogletree, with purpose to defraud, falsified any writing or record. *Brunning* at ¶ 30. The evidence at trial demonstrated that he filed an address-verification form with the sheriff that contained false information. Accordingly, whether he was required to verify his address under Megan's Law or not, he voluntarily filed a form containing false information, which is in itself a violation of R.C. 2913.42. *Brunning* at ¶ 32. Therefore, the trial court properly denied Ogletree's motion to dismiss this count.

{¶7} Appellant's third assignment of error is overruled.

{¶8} In his second assignment of error, Ogletree contends that the trial court erred in not applying the provisions of former R.C. 2950.99 for sentencing. We agree with respect to Ogletree's conviction for failure to notify. In *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, the Ohio Supreme Court held that the applicable penalty provision for convictions where a defendant is charged with a violation of the AWA that also constitutes a violation under Megan's Law is contained in former R.C. 2950.99.[3] Thus, the trial court should have applied former R.C. 2950.99 when sentencing Ogletree on the failure-to-notify conviction; under former R.C. 2950.99(A)(1)(a)(i), Ogletree's registration offense would have been punishable as a third-degree felony, instead of as a first-degree felony.

{¶9} The same reasoning does not apply to Ogletree's tampering-with-records conviction, which is punishable as a violation of R.C. 2913.42 regardless of Ogletree's reporting duties under Megan's Law.

{¶10} Accordingly, the second assignment of error is sustained in part and overruled in part. We vacate Ogletree's sentence on the failure-to-notify conviction and remand for resentencing on that count only.

{¶11} In his fourth assignment of error, Ogletree contends that he was denied his Sixth Amendment right to effective assistance of counsel. To establish ineffective

---

[3]"[F]or a defendant whose sex-offender classification was determined under Megan's Law, the penalty for a violation of the reporting requirements of former R.C. 2950.05 that occurs after Megan's Law was supplanted by the AWA is the penalty set forth in the version of R.C. 2950.99 in place just before the effective date of the AWA." *Id.* at ¶ 29.

assistance of counsel, a defendant must show that counsel's representation was deficient in that it "fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Sanders*, 94 Ohio St.3d 150, 151, 2002-Ohio-350, 761 N.E.2d 18, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland*, 466 U.S. at 694.

{¶12} Ogletree contends that counsel was ineffective because he (1) did not cite appropriate case law to support the motion to dismiss; and (2) did not raise the issue of applying former R.C. 2950.99 for sentencing. Ogletree's arguments are without merit.

{¶13} Our review of the motion to dismiss demonstrates that counsel argued that the trial court should dismiss the case in light of *Bodyke*, the same case appellate counsel contends the trial court should have considered and the same case this court relied upon (albeit erroneously) in vacating Ogletree's convictions. Furthermore, our review of the transcript demonstrates that counsel raised the issue of applying former R.C. 2950.99 with the trial court in both his oral Crim.R. 29 motion for acquittal and at sentencing. In fact, our review indicates that counsel represented Ogletree well, even obtaining a not guilty verdict on Count 1 of the indictment.

{¶14} The fourth assignment of error is therefore overruled.

**{¶15}** In light of *Brunning*, Ogletree's convictions for failure to notify of an address change in violation of R.C. 2950.05(E)(1) (misnumbered) and tampering with records in violation of R.C. 2913.42(A) are affirmed. The sentence on the failure-to-notify conviction is reversed and the matter is remanded for resentencing on that count only under former R.C. 2950.99.

**{¶16}** Convictions affirmed; sentence reversed in part and remanded.

It is ordered that the parties share equally costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR