[Cite as *State v. Wood*, 2013-Ohio-2724.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO. C-120598
                                           TRIAL NO. B-1106540
    Plaintiff-Appellant,        :

 vs.                              :        *O P I N I O N.*

JOHN WOOD,                        :

    Defendant-Appellee.         :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause  Remanded

Date of Judgment Entry on Appeal:  June 28, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Ravert J. Clark*, for Defendant-Appellee.


Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}   This is an appeal by the State of Ohio from a trial court decision dismissing an indictment against a sex offender who was charged with failing to provide notice of change of address.    The trial court found that the defendant had no duties under Ohio's current sex offender registration scheme, the Adam Walsh Act ("AWA"), because he had committed his crime prior to the effective date of the act.  It also found that he had no duties under the prior version of the registration scheme, Megan's Law, because Megan's Law had been repealed by the time he was released from prison.  We conclude that the trial court was right about the AWA but wrong about the offender's duties under Megan's Law.   As a result, we reverse the judgment dismissing the indictment and remand this case for further proceedings.

### *Background*

{¶2}   John Wood was convicted of rape in 1993 and sentenced to 8 to twenty-five years in prison.  In 1997, the state legislature enacted Megan's Law, and in 2008, the legislature repealed Megan's Law and enacted the AWA, R.C. Chapter 2950.  Mr. Wood was released on parole on September 22, 2010.  At that time, the Ohio Supreme Court had not yet determined that the AWA could not be applied retroactively. Mr. Wood, upon his release from prison, was provided with a form that notified him that he had been classified as a Tier III sex offender under the AWA and that he had a duty to provide notice at least 20 days prior to changing his address.  Two days later, he registered as a sex offender.

{¶3}   He apparently did not keep up with his notification requirements, however, and on October 15, 2011, he was indicted for a first-degree felony for failing to provide notice of his change of address.  Shortly thereafter, he moved to dismiss the indictment.  The trial court ruled that Ohio's sex-offender regulations, as set forth in

2

both the AWA and Megan's Law versions of R.C. Chapter 2950, did not apply to Mr. Wood, and granted his motion to dismiss the indictment.

### *Analysis*

{¶4} In a single assignment of error, the state argues that the trial court erred in dismissing the indictment against Mr. Wood based upon a mistaken interpretation of the status of Ohio's sex offender registration laws following the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

{¶5} In *Williams*, the Ohio Supreme Court declared that the AWA "as applied to defendants who [had] committed sex offenses prior to its enactment, violate[d] Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at syllabus. In granting Mr. Wood's motion to dismiss, the trial court held that following the Ohio Supreme Court's decision in *Williams*, Mr. Wood was not under any statutory duty under the AWA version of R.C. Chapter 2950 to verify his current address or to register. The trial court further held that Mr. Wood had no duties under Megan's Law because he was released from prison after the repeal of Megan's Law and thus never classified under the law. While the State does not dispute the trial court's conclusion that Mr. Wood had no duties under the AWA, it does challenge the court's conclusion that Mr. Wood was not subject to Megan's Law.

{¶6} The linchpin of the trial court's analysis as to Megan's Law was that Mr. Wood never accrued any duties under Megan's Law:

The Ohio Supreme Court has ruled that, 'the repeal of a statute is the abrogation or destruction of the act.' Under Section 1.21 of the Revised Code, the repeal of a statute does not affect any rights or liabilities which

3

exist, or relieve any person from punishment for an act committed in violation of the repealed act. Therefore, while it is proper to continue to apply Megan's Law to offenders who were properly registered and had obligations under Megan's law prior to its repeal, it would not be proper to apply Megan's Law to Defendant. (Citations omitted.)

The flaw in this analysis is that Mr. Wood did accrue duties under Megan's Law. Because he was in prison when Megan's law was enacted, his designation as a sexually oriented offender attached as a matter of law based upon his conviction for a sexually oriented offense. *See State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 18; s*ee also State v. Cooper*, 1st Dist. No. C-030921, 2004-Ohio-6428, ¶ 24; *In re Abney*, 1st Dist. No. C-080053, 2008-Ohio-4379, ¶ 6-7. And unlike the AWA, Megan's Law constitutionally may be applied to offenders who committed their crimes prior to the statute's effective date. *See State v. Cook*, 83 Ohio St.3d 404, 410, 700 N.E.2d 570 (1998).

{¶7} In reaching our decision today, we have the benefit of several decisions by the Ohio Supreme Court handed down after the trial court's decision. In *State v. Brunning,* the Ohio Supreme Court explained that " '[w]hen a court strikes down a statute as unconstitutional, and the offending statute replaced an existing law that had been repealed in the same bill that enacted the offending statute, the repeal is also invalid unless it clearly appears that the General Assembly meant the repeal to have effect even if the offending statute had never been passed.' " 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, ¶ 21, quoting *State v. Sullivan*, 90 Ohio St.3d 502, 739 N.E.2d 788 (2001), paragraph two of the syllabus. Thus, "Ohio has, in effect, separate statutory schemes governing sex offenders depending on when they committed their

underlying offense." *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, ¶ 17.

{¶8}   The Ohio Supreme Court, moreover, has rejected the theory that a gap exists for certain sex offenders, reasoning that the "General Assembly certainly did not intend for sex offenders to be relieved of obligations to notify authorities of a change of address when it repealed Megan's Law and enacted [the] AWA." *Brunning* at ¶ 20-21. As a result, we must agree with the state that once the Ohio Supreme Court determined that the AWA could not be applied retroactively, Mr. Wood—by operation of law—assumed the registration requirements of a "sexually oriented offender" under Megan's Law. *See id.* at ¶ 19.

{¶9}   Mr. Wood was indicted for failure to provide a written notice of a change of address at least 20 days prior to the change in violation of R.C. 2950.05(F)(1). His obligations in respect to such notice were the same under both Megan's Law and the AWA. As the Ohio Supreme Court has explained, "[al]though styled differently, the AWA and the [Megan's Law] versions are identical as to persons required to submit a change of residence address * * *. Both mention R.C. 2950.05(A) and both the current and former versions of R.C. 2950.05(A) require offenders to provide a 20-day notification of a change in their residence address." *Brunning* at ¶ 24. Thus, despite the fact that Mr. Wood is subject to Megan's law rather than the AWA, the indictment was still proper because it "set forth the elements of the charge under either version of the statute." *Id.* at ¶ 26.

{¶10}  Mr. Wood's "conviction was predicated on a requirement that has never been declared unconstitutional and that [Mr. Wood] has never been released from obeying: the requirement of notifying the sheriff of a change of address under the Megan's Law version of R.C. 2950.05." *See id.* at ¶ 27. Because the indictment set

forth the charge of failure to notify, the trial court erred in granting Mr. Wood's motion to dismiss.

{¶11} We note, however, that in *Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341, at ¶ 21, the Ohio Supreme Court held that the version of Megan's Law in effect just prior to the adoption of the AWA governs the penalty for a violation of R.C. 2950.05 for offenders who were originally classified under Megan's Law. Under that version of the statute, a violation of R.C. 2950.05 is a felony of the third degree, not a felony of the first degree, as stated in the indictment. *See State v. Tye*, 1st Dist. No. C-120562, 2013-Ohio-1571, ¶ 1-4.

{¶12} We sustain the state's sole assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings consistent with this opinion and law.

Judgment reversed and cause remanded.

**HENDON, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry this date.