[Cite as *State v. Harris*, 2014-Ohio-1589.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130395 |
| | | TRIAL NO. B-0908089 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ERNEST HARRIS, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 16, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} Once again, we are confronted with a case that involves the interplay between Ohio's current sex-offender registration scheme, the Adam Walsh Act ("AWA"), and its previous scheme, "Megan's Law." Ernest Harris was convicted by a jury in 2010 for failure to meet his registration requirements. The jury at the 2010 trial was instructed on the registration requirements of the AWA, and Mr. Harris was convicted for a violation of that Act. Shortly after Mr. Harris's trial, the Ohio Supreme Court decided that the AWA could not be applied retroactively to offenders like Mr. Harris.

{¶2} The question we face now is whether we must vacate his conviction. We determine that we need not do so, because the conduct for which Mr. Harris was indicted and found guilty constituted a violation of duties that applied to him under Megan's Law.

### Facts and a Lengthy Procedural History

{¶3} Mr. Harris was convicted of rape on January 7, 1983, and sentenced to 25 years' incarceration. He served his sentences for rape and other crimes, and was ultimately released from prison on August 12, 2009. On December 3, 2009, Mr. Harris was indicted for failing to register as a sex offender. The indictment cited a statutory subsection of the AWA. A jury found Mr. Harris guilty, and in April 2010, he was sentenced to six years' incarceration.

{¶4} At Mr. Harris's trial, the correctional-records management officer of the Toledo Correctional Institution testified that before Mr. Harris had been released from prison, she had notified him that he was classified as a Tier III sex offender under the AWA, that he was required to register with the local sheriff every 90 days for life, and that upon his release he was required to register no later than August 17, 2009. The officer further testified that Mr. Harris had refused to sign the notice of

registration duties. The officer then notified the Hamilton County Sheriff's Department of Harris's duty to register as a sex offender and his refusal to sign the notification form.

{¶5} Adam Breeze, the Hamilton County Sheriff's Department investigator for the sex-offender program, testified that Mr. Harris was a Tier III sex offender, that he had a duty to register every 90 days for life, that he had had a duty to register with the department upon his release from prison, and that Mr. Harris had never registered.

{¶6} In its jury instructions, the trial court referred to the registration duties of a Tier III sex offender. The jury found Mr. Harris guilty. At the sentencing hearing, the trial court told Mr. Harris that he had been found guilty by the jury of a first-degree felony for failing to register "in accordance with the Adam Walsh Act."

{¶7} We affirmed Mr. Harris's conviction on direct appeal. *State v. Harris*, 1st Dist. Hamilton Nos. C-100243 and C-100273 (June 8, 2011). The Ohio Supreme Court accepted Mr. Harris's appeal and remanded the case to this court for application of *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In *Williams*, the court held that the AWA's classification, registration, and community-notification provisions were punitive and could not constitutionally be applied to sex offenders who had committed their sex offenses before its enactment.

{¶8} In applying *Williams* to Mr. Harris, we held that because Mr. Harris had committed his crime in 1983, the AWA classification, registration, and community-notification provisions may not be applied to him. *State v. Harris*, 1st Dist. Hamilton Nos. C-100243 and C-100273, 2012-Ohio-2460. We stated that "[i]t is clear from the record that Harris was indicted, tried, and convicted for violating [the AWA's] registration requirements while he was unconstitutionally classified as a Tier III sex offender. Therefore, his conviction for failing to register as a sex offender

must be reversed, and Harris must be discharged." *Id.* at ¶ 7. We pointed out that Mr. Harris "may have a duty, arising by operation of law, to register as a sexually oriented offender under former R.C. Chapter 2950 ('Megan's Law') * * * because he was convicted of a sexually oriented offense and was serving the term of incarceration for that offense on or after July 1, 1997." *Id.* at ¶ 8.

{¶9} The state appealed our opinion to the Ohio Supreme Court, which remanded the case to the trial court for application of its decision in *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio 5752, 983 N.E.2d 316. *See In re Cases Held for the Decision in State v. Brunning*, 134 Ohio St.3d 593, 2012-Ohio-5777, 984 N.E.2d 12. The issue in *Brunning* was the proper application of *State v. Bodyke*, 126 Ohio St.3d 266, 2012-Ohio-2424, 933 N.E.2d 753. In *Bodyke* the court had held that the reclassification under the AWA of sex offenders who had been previously classified under Megan's Law violated the separation-of-powers doctrine, and the court had accordingly reinstated the classification and registration requirements of Megan's Law. The court in *Brunning* considered the legitimacy of convictions obtained under the AWA for offenders who had been reclassified and held that *Bodyke* did not require "the vacation of convictions where the conduct at issue * * * was a violation of R.C. 2950.05 both as it exists under the AWA and as it existed under Megan's Law." *Brunning* at ¶ 1.

{¶10} The trial court, after applying the *Brunning* holding, determined that Mr. Harris should have been convicted of failing to register as a third-degree felony, not as a first-degree felony, and sentenced him to five years of community control. *See State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, 983 N.E.2d 341 (offenders originally classified under Megan's Law are subject to the penalty provisions of Megan's Law in effect just prior to the effective date of the AWA). Mr. Harris has appealed.

***We Affirm Because the Conduct for Which Mr. Harris was Convicted***
***Constituted a Violation of His Megan's Law Registration Requirements***

{¶11} Mr. Harris's sole assignment of error alleges that the trial court erred in convicting him of failing to register.

{¶12} Because Mr. Harris was in prison for rape when Megan's Law was enacted, "his designation as a sexually oriented offender attached as a matter of law based upon his conviction for a sexually oriented offense." *See State v. Wood*, 1st Dist. Hamilton No. C-120598, 2013-Ohio-2724, ¶ 6, citing *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 18. Under Megan's Law, Mr. Harris was required to register with the sheriff within five days of "coming into a county in which the offender resides or is temporarily domiciled for more than five days." *See* former R.C. 2950.04(A)(1). But the AWA, under which Mr. Harris was tried and convicted, requires registration within three days of "coming into a county in which the offender resides or is temporarily domiciled for more than three days." *See* R.C. 2950.04(A)(2)(a). Because he was not subject to the more restrictive duties of the AWA, Mr. Harris argues that his conviction for failing to register as a sex offender must be reversed and he must be discharged. We disagree.

{¶13} "*Brunning* stands for the proposition that a conviction need not be vacated when the 'conduct at issue' is a violation of both Megan's Law and the AWA." *State v. Shirley*, 1st Dist. Hamilton No. C-130121, 2013-Ohio-5216, ¶ 16. "Even where a defendant subject to Megan's Law is indicted under the AWA, if the indictment describes conduct that is also a violation of Megan's Law, which a defendant originally classified under Megan's Law remains obligated to meet, the indictment is sufficient and a defendant can be convicted of the charges." *State v. Ogletree*, 8th Dist. Cuyahoga No. 96438, 2013-Ohio-1538, ¶ 4, citing *Brunning* at ¶ 31.

{¶14} The indictment in this case charged that Mr. Harris "failed to register with the Sheriff's Office in Hamilton County, Ohio, when [Mr. Harris] was required to register * * * or failed to send notice of intent as required," and that the basis of the registration requirement was Mr. Harris's 1983 rape conviction. Mr. Harris had a continuing duty to comply with the registration requirements of Megan's Law. The conduct described in the indictment as a violation of the AWA also constituted a violation of Mr. Harris's duty under Megan's Law to register with the Hamilton County Sheriff. It is undisputed that Mr. Harris did not register with the sheriff as required after his release from prison. Because Mr. Harris's conduct in failing to register violated his duty under Megan's Law, his conviction need not be vacated. *See Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, at ¶ 31.

{¶15} This case is distinguishable from our opinion in *Shirley*. That case came before us on a motion to withdraw a guilty plea. Mr. Shirley had pleaded guilty to failing to register with the sheriff within three days of coming into a county as a required under the AWA. Mr. Shirley, however, was subject to Megan's Law and not the AWA. It was not clear from the record that he had violated Megan's Law by failing to register within five days, rather than three. As a consequence, we held that the trial court erred in denying the motion without a hearing, and we remanded the cause for a hearing on the three-day/five-day issue and other issues that might constitute manifest injustice entitling him to withdraw his plea.

{¶16} Unlike in the *Shirley* case, there is no question that Mr. Harris's conduct constituted a violation of his registration duties under Megan's Law. He did not register as a sex offender after he was released from prison. The "conduct at issue" violated both the AWA and Megan's Law, and his conviction need not be vacated. *See Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, at ¶ 31.

### *Conclusion*

{¶17}   The assignment of error is overruled and judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry this date.