[Cite as *State v. Kaminski*, 2014-Ohio-2858.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | | |
| --- | --- | --- |
| STATE OF OHIO | | C.A. No. 27112 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN KAMINSKI | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR2004 12 4427 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

HENSAL, Judge.

{¶1} John Kaminski appeals a judgment of the Summit County Court of Common Pleas that denied his motion for immediate relief from community notification, registration, and residency requirements. For the following reasons, this Court reverses.

I.

{¶2} In 1993, Mr. Kaminski pleaded guilty in Florida to a charge of lewd and lascivious act upon a person under the age of sixteen. According to Mr. Kaminski, at first he was not subject to any sex-offender reporting requirements. In 1996, however, Florida enacted a law requiring him to report once a year for ten years. Mr. Kaminski alleges that he complied with that requirement even after he moved to Ohio, completing his obligation in 2004.

{¶3} In 2005, the State charged Mr. Kaminski for failing to verify his current address, alleging that he had not complied with his sex-offender reporting requirements. Mr. Kaminski moved to dismiss the count, arguing that he had satisfied the requirement. Following a hearing,

the trial court entered an order explaining that the issue appeared to be that Florida had changed its law at some point to require offenders like Mr. Kaminski to report for life. Because that requirement endured even though Mr. Kaminski now lived in Ohio, the court denied his motion to dismiss. Mr. Kaminski subsequently pleaded guilty to the offense, and the trial court sentenced him to one year of community control.

{¶4} In 2013, Mr. Kaminski filed a "Motion for Immediate Relief from Community Notification, Registration and Residency Requirements Pursuant to R.C. 2950.09(F)(1), 2950.031(E) and R.C. 2950.032(E)," requesting that the trial court declare that he "is not subject to the registration and community notification provisions of R.C. 2950.11 or in the alternative, to schedule an R.C. 2950.11(F)(2) hearing." In his motion, Mr. Kaminski noted that, in 2007, the Ohio Attorney General had reclassified him as a Tier III sex offender under the Adam Walsh Act. He argued that he was entitled to a hearing under Revised Code Section 2950.11(F)(2) to determine whether he was subject to the Adam Walsh Act's reporting provisions. He also argued that the reclassification was punitive in nature. He sought an order enjoining the sheriff's office from sending any community notification cards pending a hearing and a declaration that his reclassification was unconstitutional.

{¶5} The State opposed Mr. Kaminski's motion, noting that, in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, the Ohio Supreme Court held that the Ohio Attorney General did not have authority to reclassify defendants under the Adam Walsh Act. The State argued that, in light of that decision, Mr. Kaminski was not subject to the Adam Walsh Act's notification provisions as he alleged. Rather, he remained subject to his previous classification under Megan's Law. It also argued that, to the extent that Mr. Kaminski was attempting to challenge his 2005 conviction, res judicata applied.

{¶6} Mr. Kaminski filed a reply brief, explaining that he was not challenging his previous convictions in Ohio or Florida. He explained that the basis of his motion was that, under *State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, Ohio's registration requirements do not apply to someone who moves into the state unless the person's out-of-state conviction contained a registration provision. He argued that, because his reporting requirements were only added years after his conviction by virtue of a new Florida statute, they did not carry over to Ohio.

{¶7} In September 2013, the trial court entered its ruling on Mr. Kaminski's motion. It noted that, after the Ohio Attorney General reclassified Mr. Kaminski under the Adam Walsh Act, he had filed a civil action challenging his reclassification. It noted that, the resolution of that case was that Mr. Kaminski had been advised by the Ohio Supreme Court that he retained the classification and reporting requirements that he had under Megan's Law. Regarding *Lloyd*, the trial court determined that it did not support his plea for relief. The court also determined that, to the extent that Mr. Kaminski was challenging his reporting requirements, he had not satisfied the prerequisites under Revised Code Section 2950.15 to invoke the jurisdiction of the court. It further determined that he could not seek relief under Section 2950.09(F) because the statute had been repealed. The court, therefore, dismissed his motion. Mr. Kaminski has appealed, assigning one error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ITS JUDGMENT AND ERRED IN NOT HOLDING A HEARING FAILING TO APPLY THE CORRECT STANDARD OF REVIEW, THEREFORE ABUSING ITS DISCRETION IN THE ANALYSIS AND JUDGMENT DISMISSING KAMINSKI'S MOTION FOR RELIEF FROM SEX OFFENDER CLASSIFICATION.

{¶8}    Mr. Kaminski argues that the issue in this case is not whether he has to register, but whether he has an avenue to petition for a determination and/or termination of his sex offender classification and reporting requirements.  He asserts that, in light of everything that has happened, it is not clear how many years he must register and whether he must do it every 90 days or merely on a yearly basis.   He also argues that, since he has never been adjudicated as a sexual predator, he cannot be required to register for life under Megan's Law.  He further argues that the trial court incorrectly determined that he may not challenge his sex offender classification under former Revised Code Section 2950.09(F).

{¶9}    The parties agree that, in light of the Supreme Court's decisions regarding the Adam Walsh Act, Mr. Kaminski is only subject to Megan's Law.  At the time Mr. Kaminski moved to Ohio, Section 2950.09(A) provided that, if, as a result of a conviction in another state, an offender is required, under the law of that jurisdiction, to register as a sex offender until the offender's death, the adjudication "automatically classifies the person as a sexual predator for the purposes of this chapter[.]" *See also* R.C. 2950.01(G)(5).  Former Section 2950.09(A) provided, however, that a person who is automatically classified as a sexual predator "may challenge that classification pursuant to division (F) of this section."   Former Section 2950.09(F)(1) provided that an offender classified as a sexual predator "may petition the court of common pleas * * * to enter a determination that the offender * * * is not an adjudicated sexual predator in this state for purposes of registration * * *."

{¶10}  The trial court determined that Mr. Kaminski could not seek relief under former Section 2950.09(F) because the section had been repealed by the General Assembly when it enacted the Adam Walsh Act.  It reasoned that he could only seek relief under Sections 2950.11 or 2950.15 instead.  In *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, however, the

Ohio Supreme Court held that "the repeal of Megan's Law is invalid as it affects offenders originally classified under Megan's Law." *Id*. at ¶ 22. Mr. Kaminski, therefore, was able to petition the court to contest his automatic classification as a sexual predator under former Section 2950.09(F). *In re. D.W.*, 6th Dist. Lucas No. L-12-1318, 2013-Ohio-3955, ¶ 16; *State v. Forsythe*, 5th Dist. Stark No. 2012CA00225, 2013-Ohio-3301, ¶ 17. We see no reason to conclude that it was improper for Mr. Kaminski to initiate his petition by filing a motion in this case as opposed to filing a new action with the trial court to challenge his classification.

{¶11} Until the trial court resolves whether Mr. Kaminski is a sexual predator under Section 2950.09, we cannot identify the frequency and duration of his reporting requirements under Megan's Law. Mr. Kaminski's assignment of error is sustained, and this matter is remanded to the trial court to consider the merits of his motion for relief under Section 2950.09(F).

III.

{¶12} The trial court incorrectly determined that Mr. Kaminski had failed to invoke the jurisdiction of the trial court. The judgment of the Summit County Common Pleas Court is reversed, and this matter is remanded for further consideration of Mr. Kaminski's motion for immediate relief from community notification, registration, and residency requirements.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.