[Cite as *Groom v. State*, 2015-Ohio-3447.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JAY GROOM

    Appellant

    v.

STATE OF OHIO

    Appellee

C.A. No.     27498

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2012-03-1519

DECISION AND JOURNAL ENTRY

Dated: August 26, 2015

WHITMORE, Judge.

{¶1} Appellant, Jay Groom, appeals the decision of Summit County Court of Common Pleas denying his petition to contest reclassification. This Court reverses.

I

{¶2} In 2006, Groom was working as a massage therapist in Colorado. He was charged with two counts of unlawful sexual contact in violation of Colorado Revised Statutes ("C.R.S.") 18-3-404(1)(g) based on his conduct with certain adult clients. Following a plea agreement, Groom pled guilty to and was convicted of one count of attempted unlawful sexual contact. He was sentenced to probation for a period of six years. Among the conditions of his probation, Groom was required to complete a sex offender treatment program and to register as a sex offender. Under Colorado law, Groom had to verify his registration information once a year and had no community notification requirement. After ten years, he would be eligible to petition for removal from the sex offender registration requirements.

{¶3} In July 2008, Groom moved to Ohio and registered as a Tier I offender. Tier I is the lowest classification under the Adam Walsh Act. In 2012, Groom received a notice from the attorney general's office informing him that pursuant to *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, he was required to register under Megan's Law. Thereafter, his classification was switched to a sexual predator. A sexual predator is the highest classification under Megan's Law.

{¶4} Groom filed a petition with the Summit County Common Pleas Court contesting his reclassification. After Groom and the State briefed the issue, the matter proceeded to a hearing.

{¶5} Groom, his wife, and Dr. Steve Dean testified at the hearing. Groom testified that he had no offenses except for the one in Colorado and that it did not involve a child. He confirmed that he was not requesting that his registration requirements be eliminated. Rather, he was asking that he be classified as a sexually oriented offender, not a sexual predator.

{¶6} The parties stipulated to the expert qualifications of Dr. Dean, who is a psychologist and the clinical director of Melymbrosia Associates, Inc. ("Melymbrosia"). Dr. Dean testified that Groom successfully completed his sex offender treatment at Melymbrosia in 2010. At that time, the Sex Offender Needs Assessment Rating ("SONAR") was administered and the result placed Groom in the low risk category for re-offending. In 2012, Dr. Dean had a clinical interview with Groom and re-tested him using the SONAR, the Static-99 and the Rapid Risk Assessment of Sex Offender Recidivism ("RRASOR"). Although Dr. Dean confirmed that there is no guarantee, each of these instruments again placed Groom in the low risk category for re-offending.

{¶7} At the conclusion of the hearing, the court took the matter under advisement stating that it would issue a written decision. Thereafter, the trial court issued a cursory order denying Groom's petition.

{¶8} Groom now appeals raising one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S PETITION
TO CONTEST RECLASSIFICATION.

{¶9} Under his sole assignment of error, Groom presents two alternative arguments for our review. First, he argues that he should not have been automatically classified a sexual predator in Ohio because he is not subject to a lifetime registration requirement in Colorado. Second, he argues that he presented clear and convincing evidence that he is not likely to commit a sexually oriented offense in the future. Because we agree with his first argument, we do not reach the second one.

{¶10} The parties agree that, based on the date of Groom's offense, Megan's Law applies. The parties further agree that Groom has a duty to register in Ohio and that sexual imposition in violation of R.C. 2907.06(A)(5) is substantially equivalent to Groom's Colorado offense. The parties, however, disagree regarding what classification level applies.

{¶11} Under Ohio's version of Megan's Law, a sex offender could be classified as a sexually oriented offender, a habitual sex offender, or a sexual predator. Sexually oriented offenders have registration requirements for ten years; habitual sexual offenders have registration requirements for twenty years; and sexual predators have registration requirements until death. Former R.C. 2950.07(B). "To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must

be 'likely to engage in the future in one or more sexually oriented offenses.'" *State v. Eppinger*, 91 Ohio St.3d 158, 161 (2001), quoting former R.C. 2950.01(E). An out-of-state offender is automatically classified as a sexual predator if he is required to register as a sex offender until his death under the law of the jurisdiction where he was convicted. Former R.C. 2950.09(A).

{¶12} The portion of Megan's Law at the heart of the disagreement between the parties provides as follows:

> If a person is convicted [or] pleads guilty * * * in a court in another state * * * for committing a sexually oriented offense that is not a registration-exempt sexually oriented offense, and if, as a result of that conviction [or] plea of guilty * * * *the person is required, under the law of the jurisdiction in which the person was convicted [or] pleaded guilty * * * to register as a sex offender until the person's death, that conviction [or] plea of guilty * * * automatically classifies the person as a sexual predator for the purposes of this chapter*, but the person may challenge that classification pursuant to division (F) of this section. In all other cases, a person who is convicted of or pleads guilty to, has been convicted of or pleaded guilty to * * * a sexually oriented offense may be classified as a sexual predator for purposes of this chapter only in accordance with division (B) or (C) of this section * * *.

(Emphasis added.) Former R.C. 2950.09(A). The parties disagree whether Groom is required under Colorado law to register until his death and, therefore, automatically a sexual predator under Ohio law.

{¶13} Under Colorado law, sex offenders do not have a definite time period when their reporting requirements terminate. Rather, a sex offender may petition to have the registration requirement removed after five, ten, or twenty years depending on the underlying offense. *See* C.R.S. 16-22-113(1). Certain offenders, however, are "subject for the remainder of their natural lives to the registration requirements specified [in Colorado] or to the comparable requirements of any other jurisdiction in which they may reside." C.R.S. 16-22-113(3). The parties agree that Groom is eligible to petition for removal after ten years.

{¶14} The State argues that, because there is no guarantee that Groom's registration requirements will be removed in Colorado, his registration term is equivalent to a lifetime registration requirement. Groom argues that only those individuals who can never petition for removal are subject to lifetime registration requirements in Colorado.

{¶15} "This Court applies a de novo standard of review to an appeal from a trial court's interpretation and application of a statute." *Eager v. State*, 9th Dist. Wayne No. 08CA0037, 2008-Ohio-6742, ¶ 8, citing *Red Ferris Chevrolet, Inc. v. Aylsworth*, 9th Dist. Wayne No. 07CA0072, 2008-Ohio-4950, ¶ 4. When interpreting a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." R.C. 1.42. Moreover, "'it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used.'" *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 7, quoting *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50 (1988), paragraph three of the syllabus.

{¶16} Death is "[t]he ending of life; the cessation of all vital functions and signs." *Black's Law Dictionary* 428 (8th Ed.2004). Thus, an offender who is required to register under the law where he was convicted until the end of his life is automatically classified as a sexual predator in Ohio. *See* former R.C. 2950.09(A). In the instant matter, Groom was not classified in Colorado as an offender who is "subject for the remainder of [his] natural li[fe] to the registration requirements specified [in Colorado] or to the comparable requirements of any other jurisdictions." C.R.S. 16-22-113(3).

{¶17} We are not convinced by the State's argument that Groom's "potentially life-long" registration requirement automatically classifies him as a sexual predator. The State references *State v. Reynolds*, 1st Dist. Hamilton No. C-140096, 2014-Ohio-5159, as persuasive authority for

its position. In *Reynolds*, the court upheld a sexual predator classification despite an offender's ability to petition in Washington for removal after fifteen years. *Id*. at ¶ 19. The *Reynold*'s court, however, did not engage in a detailed statutory analysis of the duration requirements. Former R.C. 2950.09(A) does not state that an out-of-state offender can be automatically classified as a sexual predator if he was "potentially" required to register until his death. We cannot insert words into the statute that the legislature did not use. *See Perrysburg* at ¶ 7.

{¶18} In addition, we presume the legislature intended a "just and reasonable result" when it enacted the provisions in Megan's Law. *See* R.C. 1.47(C). The interpretation put forth by the State would lead to the result that, despite Colorado treating various sexual offenders differently, all sexual offenders who move from Colorado to Ohio would automatically be classified as sexual predators. It has previously been observed that "if we were to adjudicate all sexual offenders as sexual predators, we run the risk of 'being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law.'" *Eppinger*, 91 Ohio St.3d at 165, quoting *State v. Thompson*, 140 Ohio App.3d 638, 647 (8th Dist.1999). Although admittedly those offenders who are automatically classified as sexual predators could bring a challenge under division (F) of former R.C. 2950.09, requiring a challenge assumes that it was proper to impose the automatic classification in the first instance.

{¶19} In the present case, Groom argued both that he should not have been automatically classified as a sexual predator and brought a challenge pursuant to division (F) of former R.C. 2950.09. He further argues that, at the hearing on his challenge, he presented clear and convincing evidence that he was not likely to reoffend and, therefore, should not be classified as a sexual predator.

**{¶20}** We note that the trial court did not state on what basis it was denying Groom's petition. But implicit in its decision was a rejection of both arguments advanced by Groom. Because we find that Groom should not have been automatically classified as a sexual predator under former R.C. 2950.09(A), his second argument is moot and we decline to address it.

**{¶21}** Groom's assignment of error is sustained.

### III

**{¶22}** Groom's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

FREDRICK PITINII, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and MARVIN D. EVANS, Assistant Prosecuting Attorney, for Appellee.