[Cite as *Lingle v. State*, 2019-Ohio-2928.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Harmon Lingle, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-251 |
| v. | : | (C.P.C. No. 16CV-2104) |
| State of Ohio, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellant. | : | |
| Mark Grosser, | : | and |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-252 |
| v. | : | (C.P.C. No. 16CV-2492) |
| State of Ohio, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on July 18, 2019

**On brief:** *Timothy Young*, Ohio Public Defender, and *Katherine A. Szudy*, for appellees.

**On brief:** [*Dave Yost*], Attorney General, and *Zachary Huffman* for appellant State of Ohio, Attorney General, [Dave Yost].

APPEALS from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, the State of Ohio ("State"), through its Attorney General, appeals from a judgment of the Franklin County Court of Common Pleas granting, in part, the Civ.R. 12(C) motions for judgment on the pleadings of plaintiffs-appellees, Harmon Lingle and Mark Grosser (collectively "appellees"). The State presents the following, sole assignment of error for our review:

> The Common Pleas Court erroneously granted Appellees' Motion for Judgment on the Pleadings where it found that Appellees were "entitled to a hearing whereat they must prove by clear and convincing evidence that they are not likely to commit a sexually-oriented offense in the future." [ ] The applicable section of the Ohio Revised Code does not grant a Court jurisdiction to hold such a hearing, make such determination, or to alter a sexual predator's registration requirements if it is found that the offender is not likely to recidivate.

{¶ 2} For the reasons that follow, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} On February 26 and March 10, 2016, respectively, appellees filed separate complaints against the State and the Sheriff of Franklin County. Through their complaints, appellees sought declaratory judgments from the court regarding their rights, status, and other legal relations under former R.C. 2950.09 and *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374. Appellees were both classified as sexual predators in this State after they moved to Ohio from Florida.

{¶ 4} Lingle was indicted on May 18, 1990 for committing a lewd and lascivious act, in violation of Fla.Stat. 800.04. Lingle pled guilty to the charge, and ultimately served a prison sentence after violating his probation. On Lingle's release from prison in 1998, Lingle began registering as a sexual offender in Florida. Lingle moved to Ohio in 2008, and was originally classified as a sexually-oriented offender. In January 2012, the Ohio Attorney General informed Lingle that his classification had been changed to that of sexual predator.

{¶ 5} Grosser was indicted on June 29, 2007 for two counts of solicitation of a child over the internet, in violation of Fla.Stat. 847.0135(3), and one count of transmission of material harmful to minors, in violation of Fla.Stat. 847.0138(2). Grosser pled no contest to the charges. The Florida court found Grosser guilty, sentenced him to six months in jail, and classified him as a sexual offender. Grosser moved to Ohio in 2008, and was originally classified as a Tier I offender. In February 2012, the Ohio Attorney General informed Grosser that his classification had been changed to sexual predator.

{¶ 6} As their respective crimes both occurred before the January 1, 2008 effective date of 2007 Am.Sub.S.B. No. 10, appellees alleged that they were bound to comply with the provisions of R.C. Chapter 2950 which were in place before that date. Appellees asserted

that, under R.C. 2950.09(F), they could petition the court to request removal of their Ohio sexual predator classification.  Appellees admitted that their Florida convictions were substantially equivalent to offenses listed in former R.C. 2950.01(D)(1)(a), (b), (c), or (d). *See* Lingle Compl. at ¶ 23; Grosser Compl. at ¶ 26.  Appellees alleged that their Florida convictions did not obligate them to register for life in Florida.

{¶ 7}   Appellees attached Fla.Stat. 775.21, identifying the registration requirements for Florida sexual predators, and Fla.Stat. 943.0435, identifying the registration requirements for Florida sexual offenders, to their complaints.  Appellees noted that, while both statutes appeared to obligate those subject to the statutes to register for life, sexual offenders, unlike sexual predators, could petition the court to request removal "from the registry in accordance with the statute's mandates." (Grosser Compl. at ¶ 30; Lingle Compl. at ¶ 27.)

{¶ 8}   Appellees sought an order from the court declaring that the State and the Sheriff had incorrectly classified them as sexual predators, and further declaring that they should have been classified as sexually-oriented offenders.  Alternatively, appellees both sought orders declaring that they were entitled to a hearing to present evidence demonstrating that, under Ohio law, they would have been adjudicated sexually-oriented offenders, not sexual predators.

{¶ 9}   On June 1 and June 22, 2016, respectively, appellees filed separate Civ.R. 12(C) motions for judgment on the pleadings. The State and the Sheriff filed memoranda contra the appellees' motions.  On October 26, 2016, the trial court issued an agreed order consolidating the cases.

{¶ 10} On February 10, 2017, the trial court issued a decision and entry granting appellees' motions for judgment on the pleadings in part.  The trial court observed that the version of R.C. 2950.09 that was in place immediately before 2007 Am.Sub.S.B. No. 10's enactment was the appropriate version of the statute to apply to the action.  The trial court noted that, under former R.C. 2950.09(F), the court could remove an out-of-state offender's automatic Ohio sexual predator classification if the offender demonstrated, by clear and convincing evidence, that the requirement of the other jurisdiction that the offender register for life was not substantially similar to a classification as a sexual predator in Ohio.  The trial court concluded that, although Florida "sexual offenders have the

statutory ability to request removal of the registration requirement," because appellees had not sought, nor received, removal from the Florida registry, they remained "lifetime sex offender registrants in their convicting jurisdictions."  (Feb. 10, 2017 Decision at 10.)  As such, the court held that the State properly classified appellees as sexual predators under former R.C. 2950.09(A).

{¶ 11} The trial court further concluded that appellees were entitled to an evidentiary hearing under former R.C. 2950.09(F)(2).  The court noted that the State had not challenged the appellees' assertions that their respective Florida convictions were substantially equivalent to one of the offenses set forth in former R.C. 2950.01(D)(1)(a), (b), (c), or (d).  Relying on *State v. Pasqua*, 157 Ohio App.3d 427, 2004-Ohio-2992 (1st Dist.), the court declared that appellees were "each entitled to a hearing whereat they must prove by clear and convincing evidence that they are not likely to commit a sexually-oriented offense in the future."  (Feb. 10, 2017 Decision at 12.)

## II. ANALYSIS

{¶ 12} The State in its sole assignment of error asserts that the trial court erred in granting appellees' motions and holding that appellees were entitled to an evidentiary hearing to demonstrate that they are unlikely to recidivate.  The State contends that the plain language of former R.C. 2950.09(F)(2) does not provide out-of-state offenders with a right to such a hearing, and that accordingly the trial court's reliance on *Pasqua* was misplaced.

{¶ 13}  Civ.R. 12(C) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  In reviewing a motion for judgment on the pleadings, courts are restricted to the allegations in the pleadings as well as any material incorporated by reference or attached as exhibits to the pleadings.  *Curtis v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP-1214, 2006-Ohio-15, ¶ 24.  A motion for judgment on the pleadings is to be granted when, after viewing the allegations and reasonable inferences therefrom in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law.  *Easter v. Complete Gen. Constr. Co.*, 10th Dist. No. 06AP-763, 2007-Ohio-1297, ¶ 9.  Motions for judgment on the pleadings are "specifically intended for resolving questions of law."  *Id.*  Appellate review of motions for judgment on the pleadings is de novo.  *Id.*

{¶ 14} Declaratory relief is available to a plaintiff who can show that (1) a real controversy exists between the parties, (2) the controversy is justiciable, and (3) speedy relief is necessary to preserve the rights of the parties. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 49. In order to be justiciable, a controversy must be ripe for review. *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, ¶ 26.

{¶ 15} Ohio's laws governing the registration and classification of sex offenders have evolved substantially over the years. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 3. In 1963, the General Assembly created the designation of "habitual sexual offender" for individuals convicted of two or more specified crimes. *State v. Hartley*, 10th Dist. No. 15AP-192, 2016-Ohio-2854, ¶ 9. In 1996, through Am.Sub.H.B. No. 180, the General Assembly enacted Ohio's version of the federal Megan's Law legislation, which created "Ohio's first comprehensive registration and classification system for sex offenders." *Bodyke* at ¶ 7. Under Megan's law, a court was required to determine whether a sex offender could be classified according to one of three classifications: sexually-oriented offender, habitual sex offender, or sexual predator. *State v. Cook*, 83 Ohio St.3d 404, 407 (1998). Among other obligations, a sexual predator was required to register his or her address for life, while a sexually-oriented offender was only required to register his or her address for ten years. *Id.* at 408, citing former R.C. 2950.07(B)(3) and 2950.06(B)(2). Effective July 31, 2003, the General Assembly passed substantial amendments to Megan's Law in Am.Sub.S.B. No. 5 ("S.B. 5").

{¶ 16} In 2007, the General Assembly passed Am.Sub.S.B. No. 10, Ohio's version of the federal Adam Walsh Act ("AWA"). The AWA repealed Megan's Law effective January 1, 2008, and replaced the three Megan's Law classification categories with Tier I, Tier II, and Tier III classifications. The AWA modified the registration, address verification, and community notification provisions related to each type of offender, and subjected offenders "to additional reporting and registration requirements and * * * for a longer time." *Williams*, 2011-Ohio-3374, at ¶ 7. The AWA also contained provisions calling for the retroactive reclassification of sex offenders originally classified under Megan's Law.

{¶ 17} In *Bodyke*, the Supreme Court of Ohio found the reclassification provisions of the AWA to be unconstitutional and severed them from the act. *Id.* at paragraphs two and three of the syllabus, ¶ 66. The high court in *Bodyke* reinstated the classifications and

community-notification and registration orders imposed previously by judges on sex offenders originally classified under Megan's Law. *Id.* at ¶ 66. In *Williams*, the Supreme Court concluded that the AWA, "as applied to defendants who committed sex offenses prior to its enactment, violated Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id.* at paragraph one of the syllabus.

{¶ 18} Ohio now has, "in effect, separate statutory schemes governing sex offenders depending on when they committed their underlying offense." *State v. Howard*, 134 Ohio St.3d 467, 2012-Ohio-5738, ¶ 17. Offenders who committed their offense(s) before the effective date of the AWA are subject to Megan's Law; offenders who committed their offense(s) after the effective date of the AWA are subject to the AWA. *Id.* In *Howard*, the Supreme Court held that for sex offenders originally classified under Megan's Law, and who thereafter violated their reporting requirements after the effective date of the AWA, "former R.C. 2950.99 governs the penalty in such cases, specifically, the version of R.C. 2950.99 in place immediately prior to repeal of Megan's Law by the Adam Walsh Act." *Id.* at ¶ 1. The Supreme Court explained that the version of Megan's Law in place immediately before the AWA became effective applied, because "that is the statutory scheme governing sex offenders originally classified pursuant to Megan's Law." *Id.* at ¶ 21.

{¶ 19} Both Grosser's and Lingle's Florida crimes occurred before the January 1, 2008 effective date of the AWA. As such, Megan's Law applies to the present action. *Williams* at ¶ 21-22; *Howard* at ¶ 17. Under *Howard*, we must apply the version of R.C. Chapter 2950 in effect immediately before the effective date of the AWA. *See also State v. Kaminski*, 9th Dist. No. 27112, 2014-Ohio-2858, ¶ 10, quoting *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, ¶ 22.

{¶ 20} R.C. 2950.09[1] provides, in relevant part, as follows:

> (A) * * * If a person is convicted, pleads guilty, or is adjudicated a delinquent child, in a court in another state, * * * for committing a sexually oriented offense that is not a registration-exempt sexually oriented offense, and if, as a result of that conviction, plea of guilty, or adjudication, the person is required, under the law of the jurisdiction in which the person was convicted, pleaded guilty, or was adjudicated, to register as a sex offender until the person's death, that conviction, plea of

---

[1] All remaining references to R.C. Chapter 2950 are to former R.C. Chapter 2950, as it existed immediately prior to the effective date of the AWA.

guilty, or adjudication automatically classifies the person as a sexual predator for the purposes of this chapter, but the person may challenge that classification pursuant to division (F) of this section. * * *

* * *

(F) (1) An offender or delinquent child classified as a sexual predator may petition the court of common pleas * * * to enter a determination that the offender or delinquent child is not an adjudicated sexual predator in this state for purposes of the registration and other requirements of this chapter or the community notification provisions contained in sections 2950.10 and 2950.11 of the Revised Code if all of the following apply:

(a) The offender or delinquent child was convicted of, pleaded guilty to, or was adjudicated a delinquent child for committing, a sexually oriented offense that is not a registration-exempt sexually oriented offense in another state * * *.

(b) As a result of the conviction, plea of guilty, or adjudication described in division (F)(1)(a) of this section, the offender or delinquent child is required under the law of the jurisdiction under which the offender or delinquent child was convicted, pleaded guilty, or was adjudicated to register as a sex offender until the offender's or delinquent child's death.

(c) The offender or delinquent child was automatically classified a sexual predator under division (A) of this section in relation to the conviction, guilty plea, or adjudication described in division (F)(1)(a) of this section.

(2) The court may enter a determination that the offender or delinquent child filing the petition described in division (F)(1) of this section is not an adjudicated sexual predator in this state for purposes of the registration and other requirements of this chapter or the community notification provisions contained in sections 2950.10and 2950.11 of the Revised Code only if the offender or delinquent child proves by clear and convincing evidence that the requirement of the other jurisdiction that the offender or delinquent child register as a sex offender until the offender's or delinquent child's death is not substantially similar to a classification as a sexual predator for purposes of this chapter. If the court enters a determination that the offender or delinquent child is not an adjudicated sexual predator in this state for those purposes, the court shall include

in the determination a statement of the reason or reasons why it so determined.

{¶ 21} Statutory interpretation is a question of law calling for de novo review. *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, ¶ 8. The primary aim when interpreting statutory law is to give effect to the General Assembly's intent in enacting the statute. *State v. Banks*, 10th Dist. No. 11AP-69, 2011-Ohio-4252, ¶ 13, citing *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11.

{¶ 22} When we attempt to determine legislative intent, we must first look to the language of the statute. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 11, citing *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81 (1997). "A court should give effect to the words actually employed in a statute, and should not delete words used, or insert words not used, in the guise of interpreting the statute." *State v. Taniguchi*, 74 Ohio St.3d 154, 156 (1995). A court must "evaluate the statute as a whole" and must "interpret it in a manner that will give effect to every word and clause, avoiding a construction that will render a provision meaningless or inoperative." *State ex rel. Natl. Lime & Stone Co. v. Marion Cty. Bd. Of Commrs.*, 152 Ohio St.3d 393, 2017-Ohio-8348, ¶ 14. "When a statute's meaning is clear and unambiguous, we apply the statute as written." *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, ¶ 4.

{¶ 23} R.C. 2950.09(F)(1) provides that an out-of-state offender, automatically classified as a sexual predator in Ohio, may petition the court to enter a determination that the offender is not an adjudicated sexual predator in Ohio if the following apply: (1) the offender was convicted of a non-exempt sexually-oriented offense in another state, (2) the out-of-state conviction obligates the offender to register for life in the other jurisdiction, and (3) the offender was automatically classified as a sexual predator under R.C. 2950.09(A). Under R.C. 2950.09(F)(2), the court only may enter a determination that the out-of-state offender is not an adjudicated sexual predator in Ohio if the offender proves, by clear and convincing evidence, that the requirement of the other jurisdiction that the offender register until the offender's death is not "substantially similar to a classification as a sexual predator" under R.C. Chapter 2950. R.C. 2950.09(F) does not include any language requiring that the out-of-state offender be afforded an evidentiary hearing to demonstrate whether they are likely to commit a sexually-oriented offense in the future.

{¶ 24} Additionally, reading R.C. 2950.09 as a whole and giving effect to the very words of the statute, we have no basis to conclude that the General Assembly intended for out-of-state offenders filing a R.C. 2950.09(F) petition to receive an evidentiary hearing to demonstrate their likelihood of recidivism. R.C. 2950.09(B) details the sexual predator classification hearing for Ohio offenders, convicted of any non-exempt sexually-oriented offense and who are sentenced after January 1, 1997. Before the hearing, the court must give the "offender * * * and the prosecutor who prosecuted the offender * * * notice of the date, time, and location of the hearing." R.C. 2950.09(B)(2). "At the hearing, the offender * * * and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender * * * is a sexual predator." *Id. See also* R.C. 2950.01(E) (defining a sexual predator as a person who has been convicted of a sexually-oriented offense and who is "likely to engage in the future in one or more sexually oriented offenses").

{¶ 25} R.C. 2950.09(B)(3) presents a non-exclusive list of factors the judge must consider in determining whether the offender is a sexual predator. After reviewing the evidence from the hearing, and the R.C. 2950.09(B)(3) factors, the court "shall determine by clear and convincing evidence whether the subject offender * * * is a sexual predator." R.C. 2950.09(B)(4).

{¶ 26} R.C. 2950.09(C) applies to individuals convicted of a non-exempt sexually-oriented offense before January 1, 1997, who were serving a term of imprisonment after January 1, 1997. The section provides that, for such offenders who were convicted of an offense described in R.C. 2950.01(D)(1)(c) or of a violent sex offense, the court "shall conduct a hearing to determine whether the subject offender is a sexual predator." R.C. 2950.09(C)(2)(a). Before a hearing, the court "shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense, * * * notice of the date, time, and place of the hearing," and the hearing "shall be conducted in the manner described in division (B)(1) of this section regarding hearings conducted under that division." R.C. 2950.09(C)(2)(c). The court must "consider all relevant factors, including, but not limited to, all of the factors specified in divisions (B)(2) and (3) of this section," and the court must

"determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2)(c).

{¶ 27} R.C. 2950.09(D) applies to individuals who have been adjudicated a delinquent child for committing a non-exempt sexually-oriented offense, and who were classified as a sexual predator by the juvenile court judge. If the delinquent child petitions the adjudicating court for reclassification under R.C. 2152.85, the judge reviewing the sexual predator determination "shall consider all relevant evidence and information, including, but not limited to, the factors set forth in division (B)(3) of this section." R.C. 2950.09(D)(1).

{¶ 28} In contrast to the other sections of R.C. 2950.09, R.C. 2950.09(F) does not contain any reference to the R.C. 2950.09(B) sexual predator classification hearing. R.C. 2950.09(F) does not contain any provision obligating the court to provide notice of the date, time, or place at which such a hearing would occur, nor does it contain reference to the R.C. 2950.09(B)(3) factors. We hold the lack of any reference to the R.C. 2950.09(B) hearing in R.C. 2950.09(F) to be an intentional omission by the General Assembly. *Compare State ex rel. Ohio Presbyterian Retirement Servs. v. Indus. Comm.*, 151 Ohio St.3d 92, 2017-Ohio-7577, ¶ 28 (observing that, "under the statutory-construction maxim expressio unius est exclusio alterius (the express inclusion of one thing implies the exclusion of the other), the express reference to division (B) of R.C. 4123.57 in R.C. 4123.58(E) but not to division (A) of R.C. 4123.57 indicates that the omission of division (A) was intentional").

{¶ 29} The trial court relied on *Pasqua* to grant appellees' motions in part. In *Pasqua*, the court stated that, when an out-of-state offender challenges his or her automatic sexual predator classification, "the trial court must first determine whether the sexually-oriented offense in the other state is substantially equivalent to one of the offenses in R.C. 2950.01(D)(1)(a), (b), (c), or (d)." *Id.* at syllabus. The court held that, if the out-of-state offense is substantially equivalent to a listed Ohio offense, "the offender is entitled to a hearing where he has the burden of showing by clear and convincing evidence that he is not likely to commit a sexually-oriented offense in the future." *Id.* at syllabus. *See also State v. Forsythe*, 5th Dist. No. 2012CA00225, 2013-Ohio-3301, ¶ 20 (following on *Pasqua*); *State v. McMullen*, 8th Dist. No. 97475, 2012-Ohio-2629, ¶ 21 (same).

{¶ 30} The First District Court of Appeals in *Pasqua* reasoned that, because "[b]oth R.C. 2950.09(B) and (C) require a classification hearing before an Ohio offender is labeled as a sexual predator," classifying out-of-state offenders "as sexual predators on the basis of their reporting requirements alone would not advance the stated purpose of R.C. Chapter 2950, which is to label only those offenders who have the greatest likelihood of committing sexually-oriented offenses in the future." *Id.* at ¶ 24. The court further noted the requirement in R.C. 2950.09(F)(2) that the court state its reason or reasons for granting the petition, demonstrated that the "legislature intended that out-of-state offenders seeking removal of their automatic classification in R.C. 2950.09(A) receive an evidentiary hearing." *Id.* at ¶ 23.

{¶ 31} The *Pasqua* holding effectively inserted words into R.C. 2950.09(F) which are not present in that statutory section. Although R.C. 2950.09(B) and (C) do provide offenders convicted of sexually-oriented offenses in Ohio with the right to a sexual predator classification hearing, R.C. 2950.09(F) does not contain any language providing out-of-state offenders with a right to such a hearing. Thus, while offenders convicted in Ohio may have a right to the sexual predator classification hearing, out-of-state offenders, already classified in another jurisdiction and subject to another jurisdiction's reporting requirements, are not entitled to the R.C. 2950.09(B) hearing. Further, the R.C. 2950.09(F)(2) requirement that the court state its reason or reasons does not demonstrate that the Ohio General Assembly intended to provide out-of-state offenders with a sexual predator classification hearing. Rather, the requirement allows the court to note which differences between the two state's reporting requirements persuaded the court to conclude that the requirements were not substantially similar.

{¶ 32} The plain language of R.C. 2950.09(F)(2) obligates the court to determine whether the offender has presented clear and convincing evidence demonstrating that the lifetime registration requirement of the other jurisdiction "is not substantially similar to a classification as a sexual predator for purposes of this chapter." In the present case, both Grosser and Lingle were registering as sexual offenders in Florida. Under our interpretation of R.C. 2950.09(F)(2), on remand, the trial court must determine whether appellees presented clear and convincing evidence demonstrating that the registration

requirements for Florida sexual offenders are not substantially similar to Ohio's applicable sexual predator classification.

{¶ 33} Fla.Stat. 943.0435(11) provides that a sexual offender "shall maintain registration with the department for the duration of his or her life." *See* Ex. K, Lingle Compl.; Ex. N, Grosser Compl. Florida law additionally requires that, if the sexual offender has been "lawfully released from confinement, supervision, or sanction, whichever is later, for at least 25 years and has not been arrested for any felony or misdemeanor offense since release," the offender "may petition the criminal division of the circuit court of the circuit where the conviction or adjudication occurred for the purpose of removing the requirement for registration as a sexual offender." Fla.Stat. 943.0435(11)(a)(1). Under Florida law, the court may grant the petition if the offender demonstrates that he or she "has not been arrested for any crime since release; the requested relief complies with the provisions of the federal Adam Walsh Child Protection and Safety Act of 2006 * * * and the court is otherwise satisfied that the offender is not a current or potential threat to public safety." Fla.Stat. 943.0435(11)(a)(2). *Compare Groom v. State*, 9th Dist. No. 27498, 2015-Ohio-3447 (holding that, as the out-of-state offender could petition to have his Colorado registration requirement removed after a specified number of years, he was not required to register for life in Colorado, and thus should not have been automatically classified as a sexual predator under former R.C. 2950.09(A)).

{¶ 34} R.C. 2950.07(B)(1) provides that, for an individual "adjudicated a sexual predator" in Ohio, "the offender's * * * duty to" register "continues until the offender's * * * death." The section provides that, "[i]n no case shall the lifetime duty to comply that is imposed * * * on an offender who is adjudicated a sexual predator * * * be removed or terminated." *Id.*

## III. CONCLUSION

{¶ 35} Based on the foregoing, the State's sole assignment of error is sustained. Having sustained the State's assignment of error, the judgment of the Franklin County Court of Common pleas is reversed and cause remanded for proceedings consistent with this decision.

*Judgment reversed, case remanded.*

BROWN, and SADLER, JJ., concur.

————————